## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Digital Angel Corporation,

        Plaintiff,

    v.

Allflex USA, Inc. and Pethealth
Services (USA), Inc.,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Case No. 04-4545 ADM/AJB

---

Steven B. Pokotilow, Esq., and Charles E. Cantine, Esq., Stroock & Stroock & Lavan, LLP, New York, NY, and Matthew D. Spohn, Esq., Winthrop and Weinstine, Minneapolis, MN, appeared for and on behalf of Plaintiff.

Dennis G. Martin, Esq., Blakely, Sokoloff, Taylor & Zafman, Los Angeles, CA, and Karna A. Berg, Esq., Briggs & Morgan, P.A., Minneapolis, MN, appeared for and on behalf of Defendants.

---

## I.  INTRODUCTION

On March 22, 2005, oral argument before the undersigned United States District Judge was heard on Defendants Allflex USA, Inc. ("Allflex") and Pethealth Services (USA), Inc. ("Pethealth") (collectively, "Defendants") Motion for Judgment on the Pleadings [Docket No. 26].  Digital Angel Corporation's ("Digital Angel") ("Plaintiff") Complaint [Docket No. 1] alleges a number of claims arising from the alleged infringement of United States Patent No. 5,211,129 (the "'129 Patent").  Plaintiff moves to continue Defendants' Motion pursuant to Rule 56(f) [Docket No. 36].  Plaintiff has also filed an Appeal of Magistrate Judge Decision [Docket No. 74] relating to an Order [Docket No. 73] issued by Magistrate Judge Arthur J. Boylan dated May 31, 2005, denying Plaintiff's Motion to

Amend the Complaint and Moot Defendants' Dispositive Motion to Dismiss Under Rule 12(c) [Docket No. 57].  For the reasons set forth below, Defendants' Motion is granted and Plaintiff's Motion and Appeal are denied.

## II.  BACKGROUND

The '129 Patent, entitled "Syringe Implantable Identification Transponder," describes a microchip encoded with identification information known as a transponder.  Compl. ¶¶ 8, 10.  The '129 Patent was originally issued to Plaintiff's predecessor in interest on May 18, 1993.  Defs' Mem. in Support of Motion [Docket No. 27] Ex. A.  The transponder, after being encoded with identifying information, is placed in a small capsule which can be injected under the skin of small animals.  A device called a transceiver transmits a radio signal to the transponder and reads its response, thereby tracking the location of the animal.  Stewart Decl. ¶ 6.  In an agreement dated September 4, 1994 between Plaintiff's predecessor and Defendant Allflex's parent company (the "Agreement"), Defendant Allflex became a licensee of the '129 Patent.  Currently, Defendant Allflex acquires and resells or otherwise uses FDX-A and FDX-B transponders from a Swiss company named Sokymat.  Compl. ¶ 12.  Defendant Pethealth is a distributor of Defendant Allflex's products.  Id. ¶ 16.  The dispute in the instant case arises on Plaintiff's claim that the accused Sokymat transponders are not covered under the Agreement.  Consequently, according to Plaintiff's allegations, Defendants are infringing upon the '129 Patent.

## III.  DISCUSSION

### A.    Judgment on the Pleadings Standard

Federal Rule of Civil Procedure 12(c) provides that a motion for judgment on the pleadings is

2

appropriate after the pleadings are closed.  Fed. R. Civ. P. 12(c).  On a motion for judgment on the pleadings, if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  Id.  "A motion for judgment on the pleadings will be granted 'only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law.'"  Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004) (citation omitted).  Additionally, all facts and inferences must be drawn in favor of the nonmoving party.  Id.

The issue upon which resolution of Defendants' Motion turns relates to the interpretation of the Agreement.  As a threshold matter, Plaintiff argues that at this stage of the litigation, a Motion for Judgment on the Pleadings is inappropriate.  Plaintiff first avers the Agreement is not a defense to its patent infringement claims.  Plaintiff argues, because it has denied Defendants' affirmative defense, it has avoided judgment on the pleadings.  However, Plaintiff can not avoid judgment on the pleadings by artful pleading or making pro forma denials.  See Blaylock v. Hynes, 104 F. Supp. 2d 1184, 1186 (D. Minn. 2000) (citing Hull v. Fallon, 188 F.3d 939, 942 (8th Cir. 1999)).

Second, Plaintiff claims Defendants' Motion for Judgment on the Pleadings is inappropriate because it relies in part on the Agreement, which is not a pleading.  However, it is well established that where a plaintiff's claims are based on the interpretation of documents, a court may consider those documents on a motion to dismiss.  Jeniso v. Ozark Airlines, Inc., 187 F.3d 970, 972 n. 3 (8th Cir. 1999).  Furthermore, "the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' as well as materials that are 'necessarily embraced by the pleadings.'"  Porous Media Corp. v. Pall Corp., 186

3

F.3d 1077, 1079 (8th Cir. 1999).

In the instant action, it is apparent from the pleadings that the language of the Agreement is crucial to resolution of the issues in this action.  In fact, as will be analyzed below, the interpretation of the Agreement is dispositive.  As a result, the Agreement will be deemed to be "embraced by the pleadings," and will be considered for purposes of this Motion.  See Blonder-Tongue Lab., Inc. v. Univ. of Illinois Found., 402 U.S. 313, 347 (1971).

**B.      The License Agreement**

The determinative issue in this case rests on whether the Agreement allows Defendants to resell or use transponders manufactured by Sokymat.  The relevant language governing this issue in the Agreement reads:

> [Plaintiff] grants to Allflex a non-exclusive, irrevocable (except as provided herein) personal, worldwide, nontransferable license, solely for the Limited Animal Market, for itself and its Affiliates to make, have made, use and sell Allflex designed and developed Electronic Identification Systems or Electronic Identification Systems that are acquired or licensed by Allflex, which are covered by [Plaintiff's] Syringe-Implantable Identification Transponder Patent Rights.  The aforementioned license includes the right to grant sublicenses to Third Persons solely for the purpose of having such Third Persons make such Electronic Identification Systems for Allflex, and the right to sell such Allflex Electronic Identification Systems through Third Person distributors.  No other sublicense rights are granted hereunder.

License Agreement 3(a) (Martin Decl. [Docket No. 30] Ex. A).  Specifically, the parties disagree over the scope of the phrase "that are acquired or licensed by Allflex."

While Defendants contend the Agreement language allows them to purchase and use infringing transponders manufactured by Sokymat, Plaintiff argues the language of the Agreement requires Defendants to acquire proprietary rights from Sokymat for the transponders.  Plaintiff avers the term "acquired" can not simply refer to the purchase of transponders by Defendants for two reasons.  First,

4

according to Plaintiff, under this interpretation of the Agreement, the language "make, have made, use and sell" would render the term "acquired" superfluous.  At a minimum, Plaintiff believes the Agreement language is ambiguous as to the meaning of "acquired."  As a result, it is argued a fact issue exists that precludes granting Defendants' Motion, as extrinsic evidence must be considered to determine the intentions of the parties at the time the Agreement was consummated.  Plaintiff claims discovery will show the intent of the parties was to grant Allflex permission to make, have made, or sell transponders based on a proprietary design either developed by Allflex or acquired by Allflex.  Second, Plaintiff claims that if the Agreement language gives Allflex the right to sell any transponder, regardless of manufacturer, the Agreement would, in essence, appoint Allflex as a distributor of all infringing transponders.

In response, Defendants argue that Plaintiff's interpretation of the Agreement is negated by the plain language of the Agreement.  They aver the total lack of language regarding proprietary rights in the Agreement does not create an ambiguity in the contract; but rather, demonstrates there is no requirement that Defendants acquire proprietary rights in the transponders they purchase from Sokymat.  Defendants contend the Agreement language is clear, and requires no extrinsic evidence for interpretation.

The Agreement is governed by Minnesota law.  Agreement ¶ 13(j).  "Whether a contract is ambiguous is a question of law."  Murray v. Puls, 690 N.W.2d 337, 343 (Minn. Ct. App. 2004).  Moreover, if no ambiguity exists in the contract, the interpretation of the contract is a matter of law.  Id.  "A contract is ambiguous if its language is reasonably susceptible of more than one meaning."  Id. (quoting Blattner v. Forster, 322 N.W.2d 319, 321 (Minn. 1982)).  "Under a contract analysis, we first

look to the language of the contract and examine extrinsic evidence of intent only if the contract is

ambiguous on its face." Housing and Redevelopment Authority of Chisholm v. Norman, 696 N.W.2d

329, 337 (Minn. 2005).  Finally, "when a contract is a complete integration, parole evidence will not be

admitted to prove any other agreement or term that would be within the scope of the contract."  Bureau

of Collection Recovery, Inc. v. Eden West Partners L.L.C., C6-00-2033, 2001 WL 799871, *2

(Minn. Ct. App. July 17, 2001) (citing Stromberg v. Smith, 423 N.W.2d 107, 109 (Minn. Ct. App.

1988)).

        Here, the Agreement contains a complete integration clause, which states in part: "This

LICENSE AGREEMENT constitutes the entire agreement between the Parties . . . ."  Agreement ¶

13(g).  Therefore, under the integration clause and established Minnesota law, extrinsic evidence of the

parties' intent in drafting the Agreement will only be considered if the Court determines the

Agreement's language is ambiguous.

        Despite Plaintiff's contentions to the contrary, the Agreement speaks directly to the issue of

whether Defendants are required to acquire proprietary rights in transponders before they are allowed

to sell them under the Agreement.  In short, no such requirement exists.  First, and most importantly, it

is undisputed the Agreement contains no language explicitly requiring Defendants to acquire proprietary

rights in any transponders it sells.  This is the strongest and best evidence the intent of the Agreement

was not to require the acquisition of proprietary rights.  Brookfield Trade Center, Inc. v. County of

Ramsey, 584 N.W.2d 390, 394 (Minn. 1998).

        Second, the alleged redundancy in the Agreement does not indicate the existence of a

proprietary requirement.  Although Plaintiff claims the existence of the two phrases "make, have made,

6

use and sell" and "acquired" indicates a requirement that Defendants acquire proprietary rights in

transponders, this conclusion is reached only through a tortured interpretation of the Agreement.  As

Defendants correctly note, redundancies in contracts are not unusual, and the existence of a redundancy

does not necessarily portend the addition of terms not explicitly stated.  Here, although "acquired" does

tend to reiterate the language "make, have made, use and sell," there is nothing to suggest it should be

read as "acquired proprietary rights."  Plaintiff cites no authority to suggest redundancies indicate the

existence of an ambiguity in a contract.  At oral argument, Plaintiff additionally contended that the

addition of certain language would have further clarified the alleged redundancy Agreement.[1]  However,

even if true, this argument does not render the existing language ambiguous.  The mere existence of a

redundancy is not sufficient to create an ambiguity in the Agreement.

　　　　Finally, Plaintiff claims the Defendants' interpretation of the Agreement leads to the absurd

result that Defendant Allflex is essentially appointed a distributor of any product that infringes on

Plaintiff's patent.  It is not apparent, however, this result is absurd.  Under the Agreement, Defendant

Allflex must pay Plaintiff a license fee for each transponder sold.  As a result, Plaintiff receives a benefit

every time Defendant Allflex sells a transponder.  This is far from an absurd result, and, in fact, appears

from the face of the Agreement to be precisely what the parties intended.

　　　　In sum, a plain reading of the Agreement reveals no requirement that Defendants acquire the

---

[1] Plaintiff also proffered an exhibit at the hearing which it claimed clearly demonstrated the intent of the parties.  This exhibit, however, can not be considered in a motion on the pleadings.  Even if it were to factor into this Court's decision, it would not affect the result.  The exhibit is a letter from Defendant Allflex to Plaintiff indicating that it designed the infringing Sokymat transponders, when in fact, Sokymat designed the transponders.  Plaintiff claims this evidence is proof that Defendants believed Plaintiff's narrow interpretation of the License Agreement to be correct.  The letter, however, does not prove this allegation.

proprietary rights to any infringing transponders before using or reselling them.  As there is no evidence from the face of the Agreement of any ambiguity, Defendants' Motion for Judgment on the Pleadings is properly before the Court, and must be granted.

**C.      Appeal of Magistrate Decision**

In reviewing a magistrate decision on a nondispositive pretrial matter, the district court "shall consider the appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); see also D. Minn. LR 72.2.  In the instant case, Plaintiff objects to Judge Boylan's denial of Plaintiff's Motion to Amend Complaint.  Plaintiff sought to amend its Complaint to incorporate a letter from Defendant Allflex regarding the FDX-B transponder, to assert claims of infringement on additional patents, as well as a trademark claim, and to add an additional co-plaintiff.  Plaintiff objects to the Order on the grounds that Judge Boylan misconstrued the relevant law governing motions to amend.

Judge Boylan's Order correctly notes that although Federal Rule of Civil Procedure 15(a) mandates that leave to amend be freely given when justice requires, the granting of a motion to amend a pleading lies within the sounds discretion of the trial court.  Upsher-Smith Labs., Inc. v. Mylan Labs., Inc., 944 F.Supp. 1411, 1442 (D. Minn 1996).  Judge Boylan ultimately denied Plaintiff's Motion on the grounds that the additional claims and plaintiff that Plaintiff sought to add to its Complaint were unrelated to the present lawsuit, and could be brought in a separate action.  The Order also noted there were few, if any, advantages with respect to efficiency in discovery or judicial economy.

This Court sees no error in Judge Boylan's decision.  Justice does not require the granting of Plaintiff's request, as Plaintiff will not be prejudiced by the denial of its Motion.  First, the additional

claims Plaintiff wishes to add may be brought in a separate action. Second, the memorandum Plaintiff

wishes to reference in its Complaint to clarify issues was introduced as an exhibit at the hearing on

Defendants' Motion to Dismiss, and, as discussed previously, was considered in the resolution of that

Motion. Because Judge Boylan's Order is not erroneous as a matter of law, it will be adopted in its

entirety.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED** that:

1. Defendants' Motion for Judgment on the Pleadings [Docket No. 26] is **GRANTED**; and

2. Plaintiff's Motion for a Continuance Pursuant to Rule 56(f) [Docket No. 36] is **DENIED**;

and

3. The Order of Magistrate Judge Arthur J. Boylan dated May 31, 2005 [Docket No. 73] is

**ADOPTED** in its entirety and Plaintiff's Appeal [Docket No. 74] is **DENIED**; and

4. Plaintiff's Motion to Amend the Complaint and Moot Defendants' Dispositive Motion to

Dismiss Under Rule 12(c) [Docket No. 57] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


            s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 23, 2005.

9