UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Digital Angel Corporation,

   Plaintiff,

v.

Allflex USA, Inc. and Pethealth
Services (USA), Inc.,

   Defendants.

MEMORANDUM OPINION
AND ORDER
Case No. 04-4545 ADM/AJB

___

Steven B. Pokotilow, Esq., Stroock & Stroock & Lavan, LLP, New York, NY, and Samuel Lockner, Esq., Winthrop and Weinstine, Minneapolis, MN, appeared for and on behalf of Plaintiff.

Dennis G. Martin, Esq., Blakely, Sokoloff, Taylor & Zafman, Los Angeles, CA, and Karna A. Berg, Esq., Briggs & Morgan, P.A., Minneapolis, MN, appeared for and on behalf of Defendants.

___

## I. INTRODUCTION

On September 28, 2005, oral argument before the undersigned United States District Judge was heard on Defendants Allflex USA, Inc. ("Allflex") and Pethealth Services (USA), Inc. ("Pethealth") (collectively, "Defendants") Motion for Award of Attorneys' Fees and Costs [Docket No. 78]. In an Order dated June 23, 2005 [Docket No. 76], this Court granted Defendants' Motion for Judgment on the Pleadings [Docket No. 26]. For the reasons set forth below, Defendants' Motion for Fees and Costs is denied.

## II. BACKGROUND

Digital Angel Corporation's ("Plaintiff") Complaint [Docket No. 1] alleged a number of claims arising from the alleged infringement of United States Patent No. 5,211,129. The June

23, 2005 Order found that a licensing agreement (the "Licensing Agreement") between Plaintiff and Defendants estopped recovery by Plaintiff on its claims of patent infringement. The Order has not been appealed.

### III.  DISCUSSION

Defendants argue they are entitled to attorneys' fees and costs through operation of the fee-shifting clause contained within the License Agreement. Alternatively, Defendants contend attorneys' fees are due under 35 U.S.C. § 285.

**A.    Fee-Shifting Clause**

Defendants' first argument relies upon the language of a fee-shifting clause in the License Agreement. The pertinent language reads:

> Upon any other material breach or default of this LICENSE AGREEMENT by Allflex, Destron[1] shall have the right to terminate/cancel all license and rights granted to Allflex by sixty (60) days written notice to Allflex. Such termination/cancellation shall become effective at the expiration of such sixty (60) days, unless Allflex has cured any such breach or default prior to the expiration of such sixty (60) days. In addition, Destron shall have the right to seek judicial relief, including damages and injunctive relief (relating to obligations of Allflex), to enforce the terms and condition of this LICENSE AGREEMENT. Destron and Allflex agree that the prevailing party shall be entitled to recover its reasonable attorney's fees and costs in pursuing/defending such judicial relief.

License Agreement (Martin Dec. [Docket No. 80] Ex. H) ¶ 8c. Defendants aver that Plaintiff's claims are encompassed by the language of this paragraph, while Plaintiff contends that the attorneys' fees clause applies only to breach of contract claims. As was noted in the June 23, 2005 Order, the License Agreement is an integrated contract. Therefore, absent ambiguity, the License Agreement will be interpreted according to its language. <u>Murray v. Puls</u>, 690 N.W.2d 337, 343 (Minn. Ct. App. 2004).

---

[1] Destron is Plaintiff's predecessor in interest.

Paragraph 8c sets forth the circumstances under which a "prevailing party" is entitled to attorneys' fees and costs. Specifically, the paragraph begins by limiting the specified remedies to "any other material breach or default" of the License Agreement. The paragraph then provides for the termination or cancellation of the License Agreement, and states that in addition to the listed remedies, Plaintiff may seek judicial relief, with the prevailing party to collect fees. The language "in addition" clearly demonstrates that the parties intended the judicial relief portion of paragraph 8c to be a remedy in addition to those specifically listed for material breaches and defaults of the License Agreement. Therefore, the dispositive question turns on whether Plaintiff's claims constitute claims of material breach or default.

Although Defendants argue that Plaintiff's claims fall under the operative provisions of paragraph 8c, an analysis of the cause of action identified in Plaintiff's Complaint shows otherwise. The Complaint states a claim for patent infringement. Defendants argue that, while not on its face a breach of contract claim, this claim qualifies under the fee-shifting clause because a patent infringement lawsuit can be the vehicle for enforcing a license. At oral argument, counsel for Defendants suggested that Plaintiff's Complaint was, effectively, a breach of contract action. A review of the relevant case law, however, does not support Defendants' position.

In <u>Burlington Industries, Inc. v. Solutia, Inc.</u>, plaintiff sued defendant alleging breach of a license agreement, arguing that defendant was selling the accused product beyond the scope of the agreement. 256 F. Supp. 2d 433 (M.D.N.C. 2003). The court granted defendant's summary judgment motion, finding no prohibition within the agreement prohibiting the sales complained of. <u>Id.</u> at 440. The court noted, however, that "[a]s a limited patent license, the Agreement may

always be enforced by bringing a patent infringement action." Id. at 439. This case distinguishes between a patent infringement action involving a license agreement and a breach of contract action. Although a patent infringement action may be brought to enforce a license agreement, it is not, strictly speaking, a breach of contract action, but rather an action sounding in tort. NTP, Inc. v. Research in Motion, Ltd., 418 F.3d 1282, 1316 (Fed. Cir. 2005).

In this instance, the language of paragraph 8c in the License Agreement is clear and unambiguous: should Plaintiff sue Defendants for breach of contract, the prevailing party is entitled to attorneys' fees. However, the License Agreement is silent as to the issue of attorneys' fees in a patent infringement action.[2] Because the License Agreement does not contemplate attorneys' fees in patent infringement cases, Defendants' Motion must be denied.

**B.    35 U.S.C. § 285**

Alternatively, Defendants seek attorneys' fees and costs under 35 U.S.C. § 285, which states: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." Conduct which may lead to a finding of an "exceptional case" includes "misconduct during litigation, vexatious or unjustified litigation, and frivolous suit." Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547, 1551 (Fed. Cir. 1989). A moving party must demonstrate by clear and convincing evidence that an exceptional case exists. Id.

Defendants contend that because Plaintiff knew or should have known its patent infringement claims were baseless and because Plaintiff was not visibly injured, the instant case is an exceptional case worthy of an award of attorneys' fees. In response, Plaintiff first avers that Defendants have failed to meet their burden of proof on the issue of whether Plaintiff

---

[2] The silence of the License Agreement on this point is not surprising given the language is not directed to patent infringement actions in any respect.

conducted a sufficient pre-filing investigation. Plaintiff also notes that Defendants have not taken any discovery on the issue. Moreover, Plaintiff proffers a memorandum authored by its counsel prior to the filing of the lawsuit advising Plaintiff that in its opinion, Defendants were not permitted to sell the allegedly infringing transponders under the License Agreement. July 13, 2004 Memorandum (Pokotilow Decl. [Docket No. 87] Ex. A). Plaintiff contends that the fact that the reasoning set forth in this Memorandum mirrors that advanced in its opposition to Defendants' Motion for Judgment on the Pleadings evidences Plaintiff's good faith effort to research the suit before filing. Additionally, counsel for Plaintiff conducted an interview with the individual who negotiated the License Agreement for Plaintiff before filing the suit, who related that he had not intended to permit the sale of infringing transponders at issue under the License Agreement. Id.; Pokotilow Decl. ¶ 5.

Although Defendants contend Plaintiff should have conducted further research into the allegedly infringing transponders, Defendants have not met their burden by clear and convincing evidence that Plaintiff knew or should have known its claims of patent infringement were baseless. Although Plaintiff's theory of the case was ultimately unpersuasive, this alone does not make this case exceptional.

Defendants also suggest the lack of obvious damages to Plaintiff favors a finding that the instant case is exceptional. Defendants fail, however, to provide any authority to support the theory that a lack of visible injury is a consideration in an exceptional case analysis. In any event, as Plaintiff notes, patent infringement is a tort. Had Plaintiff succeeded on the merits, damages likely would have been found. Thus, the lack of visible injury does not mandate an exceptional case finding.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Award of Attorneys' Fees and Costs [Docket No. 78] is **DENIED**.

BY THE COURT:

        s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 6, 2005.